# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**SAMANTHA J JACKSON**                    **CASE NO.  6:19-CV-00116**

**VERSUS**                                **JUDGE JUNEAU**

**AT&T RETIREMENT SAVINGS**               **MAGISTRATE JUDGE HANNA**
**PLAN ET AL**

## JUDGMENT

This matter was referred to United States Magistrate Judge Patrick J. Hanna for report and recommendation. After an independent review of the record, and after consideration of objections filed, this Court concludes that the Magistrate Judge's report and recommendation is correct and adopts the findings and conclusions therein as its own but with additional clarification regarding the statute of limitations.

The statute of limitations for breach of fiduciary duty under ERISA provides:

No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--
**(1)** six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
**(2)** three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113. The limitations statute calls for a two-step analysis: (1) when did the last breach of fiduciary duty occur and (2) if the last breach is within six years, when did the plaintiff have actual knowledge of the breach or violation. *Maher v. Strachan Shipping Co.*, 68 F.3d 951, 954 (5th Cir. 1995). Furthermore, the statute is one of repose where tolling does not apply. *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 400 (5th Cir. 1998). The only exception to the six-year time period is in the case of fraud or concealment in which case the six-year period runs from the date of discovery.

In this case, the fraud or concealment exception does not apply. "To establish fraudulent concealment a party must show that the alleged wrongdoer had both actual knowledge that a wrong had occurred and a fixed purpose to conceal the wrong from the injured party." *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992). In this circuit, the fraud or concealment provision under 29 U.S.C. § 1113 has been equated with common law fraudulent concealment. *Id*. Fraudulent concealment shares elements of fraud, and as our sister circuits have explained, "plaintiffs must plead fraud with the requisite particularity [under Fed. R. Civ. P. 9(b)]" to get the benefit of the extended limitations period—six years from discovery. *Caputo v.*

*Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001). Because the magistrate judge correctly concluded in this case that Plaintiff did not sufficiently plead a claim for fraud, and the pleading requirements for civil law fraud in Louisiana and fraudulent concealment under ERISA are nearly the same, the fraud or concealment exception under § 1113 does not apply.

Therefore, the general rule—six years from the last breach of fiduciary duty—applies in this case. Although this circuit has never squarely addressed whether a continuing violation theory applies to ERISA limitations periods, the dicta in this circuit weighs against application of such a theory in the ERISA context. *See Berry v. Allstate Ins. Co.*, 84 F. App'x 442, 444 (5th Cir. 2004); *Vizinat v. Unum Life Ins. Co. of Am.*, No. 6:14-CV-00953, 2019 WL 1548653, at *5 (W.D. La. Apr. 9, 2019). Plaintiff's complaint sets out several dates and events in which to apply the statute of limitations. Plaintiff alleges that in 2008 Defendant switched retirement plans unlawfully. [Rec. Doc. 28, p. 9 ¶ 29]. In 2015, Plaintiff noticed incorrect deposits and, additionally, noticed problems with tax treatment codes. [Rec. Doc. 28, p. 30 ¶ 30]. Then, broadly, Plaintiff alleges that from 2009-2018 Defendants engaged in activity not in compliance with the plan. [Rec. Doc. 28, p. 17 ¶ 51].

Under the six-year limitations period, only the 2008 conduct would be time barred assuming a continuing violation theory did not apply. Other activity would

be time barred if Plaintiff had actual knowledge in 2015. This would trigger the shorter, three-year limitation period that would have expired in 2018. As explained in the magistrate judge's report and recommendation, the "actual knowledge" standard is high. Construing the complaint in the light most favorable to the Plaintiff, it appears that at least some of the conduct constituting Plaintiff's claim of breach of fiduciary duty is within the six-year limitation period. As written, Plaintiff's statement that she "realized that the contributions amounts deposited into the Savings Plan were incorrect" is likely not enough to cross the line between noticing "something was awry" and "specific knowledge of the actual breach of duty" that would reduce Plaintiff's limitation period to three years. *Maher v. Strachan Shipping Co.*, 68 F.3d 951, 955 (5th Cir. 1995). Nevertheless, Plaintiff may amend her complaint as recommended by the magistrate to allege facts regarding whether she had actual knowledge at all, or if she did have actual knowledge, when she first had said knowledge so as to begin the shorter, three-year limitation period. Defendants can re-urge this issue of timeliness after the complaint is amended or in motions for summary judgment once more discovery has occurred. Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that, consistent with the report and recommendation, Defendants' Motions to Dismiss at Rec. Doc. [6] and [23] are DENIED AS MOOT and Defendants' Motions to Dismiss at Rec. Doc. [30]

and [35] are GRANTED IN PART AND DENIED IN PART, as specifically set forth in the Report and Recommendation.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 29th day of October, 2019.

MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE